**Elmer R. HORVATH, Appellant,**

v.

**Edward J. DERWINSKI Secretary of Veterans Affairs, Appellee.**

**No. 90-481.**

United States Court of Veterans Appeals.

Submitted Feb. 25, 1991.

Decided March 12, 1992.

Ronald L. Smith, Washington, D.C., was on the brief, for appellant.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Andrew J. Mul-len, Deputy Asst. Gen. Counsel, and Jacqueline M. Sims, Washington, D.C., were on the brief, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and STEINBERG, Associate Judges.

NEBEKER, Chief Judge:

This case presents for review a February 15, 1990, decision of the Board of Veterans' Appeals (BVA or Board) in which the Board denied appellant's claim for service connection for residuals of frostbitten feet. Upon consideration of the record, we conclude that the Board failed to consider adequately evidence which may warrant service connection for frostbite injury. Therefore, the Board's February 15, 1990, decision is vacated and the case is remanded with direction to award service connection and to determine whether compensable residuals are manifested.

Appellant served in the United States Army from June 15, 1943, until October 27, 1945. R. at 51. On April 21, 1988, appellant filed a claim for disability compensation benefits from the Veterans' Administration (now the Department of Veterans Affairs) (VA). R. at 47. He claimed that he suffered frozen feet on or about December 7, 1944, while serving in France, and that he was hospitalized for 21 days in Leige, Belgium. R. at 47. Since that time, according to appellant, he has experienced constant pain and tingling in his feet. R. at 44. He stated that he has pain when he walks and that it has become worse over the past several years.

Most of appellant's medical records were destroyed by a fire at the National Personnel Records Center in July 1973. The only medical records available were two provided by the Office of the Surgeon General of the Department of the Army. R. at 23–24. The medical record relevant to appellant's frostbite shows that appellant was treated for a "Condition due to reduced temperature: Trench Foot, New" in December 1944. R. at 23. Appellant received a VA compensation examination on February 16, 1989. R. at 28–31. The examining VA

 

physician, Dr. Fisher, diagnosed appellant to have "[status post] frostbite injury to both feet," with "no evidence of neurological or vascular damage.... Pain may be residual of frostbite injury." R. at 29.

The VA Regional Office (RO) denied appellant's claim in a rating decision dated April 4, 1989. R. at 47. Service connection was denied on the basis that objective residuals upon which to base a grant of service connection were not present, although the RO conceded that the veteran had been treated "for the [frostbite] condition in service." R. at 33. On appeal, the Board affirmed the decision of the RO, concluding that the VA examination failed to reveal any objective findings of residuals of frozen feet. *Elmer R. Horvath*, BVA 90–04755 (Feb. 15, 1990). The Secretary of Veterans Affairs (Secretary) contends that appellant has not demonstrated that he incurred permanent residuals of frostbitten feet in service.

The medical records show that appellant, consistent with his claim for frostbitten feet, received treatment for such condition in 1944 during his service in Europe. Furthermore, the VA diagnosed appellant as having had frostbitten feet. The VA examiner, Dr. Fisher, found that appellant complained of pain and tingling in his feet, that the pain occurs when he walks, and that his feet feel "slightly cool". Dr. Fisher diagnosed these symptoms as indicative of post-frostbite injury, and found the pain of which appellant complained a possible residual of frostbite injury. R. at 28–29. Even in the absence of official recordation of the incurrence of the injury, appellant, under 38 U.S.C. § 1154(b) (formerly § 354(b)), is entitled to a presumption of service connection for frostbite injury because, based on his statements and existing medical records, such condition is "consistent with the circumstances, conditions, or hardships" of engagement in combat with the enemy. Since there is no clear and convincing evidence to rebut this presumption, appellant is entitled to service connection.

Accordingly, the decision of the BVA is VACATED, and the case is REMANDED

with instruction to grant service connection as to appellant's post-frostbite injury, and for a determination of whether appellant manifests compensable residuals under 38 C.F.R. § 4.104, Diagnostic Code 7122 (1991), or, in the alternative, appellant is to be awarded a zero percent rating pursuant to 38 C.F.R. § 4.31 (1991).